USDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FRANK BETTIS,                                    :    07-Civ-9718 (SHS) (HBP)
                                                 :
                        Plaintiff, Pro Se        :
                                                 :    ORDER
        -against-                                :
                                                 :
RAYMOND KELLY, as Commissioner of the New        :
York City Police Department, BERNARD KERIK,      :
as former Commissioner of the New York City      :
Police Department, HOWARD SAFIR, as former       :
Commissioner of the New York City Police         :
Department, WILLIAM BRATTON, as former           :
Commissioner of the New York City Police         :
Department, and The City of New York, The New    :
York City Police Department,                     :
                                                 :
                        Defendants.              :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Pro se plaintiff Frank Bettis brought this action in New York State Supreme Court in September 2007, alleging that in connection with the termination of his employment with the New York City Police Department in 1994, defendants violated Bettis's rights under the Constitution of the State of New York, the New York State Civil Service Law, and the New York City Administrative Code. (Complaint in Bettis v. Kelly et. al., N.Y. Sup. Ct., County of New York, Index No. 07112234 ("State Complaint") ¶¶ 1-41, Ex. A to Notice of Removal filed by Defendants Nov. 1, 2007 ("Removal Notice").) In addition, in paragraph 41 of the State Complaint, Bettis asserted a claim "that Defendants have violated plaintiff United States Constitutional Rights of Equal Protection of Law." (Id. ¶ 41.) On November 1, 2007, defendants removed the action to federal court on the basis of the claim brought under the United States Constitution. (Removal Notice ¶¶ 2, 3.) Defendants then filed a motion to dismiss the complaint. (Def.'s Mot. to Dismiss filed Jan. 8, 2008.)

1

      While the motion to dismiss was pending, on January 16, 2008, Bettis filed an amended complaint as well as a document entitled "Motion to Amend Complaint Motion to Remand Complaint." In the latter document, Bettis requested that this Court remand the action to New York State Supreme Court, County of New York, because the "amended complaint does not have any Federal Claims . . . it contains only State Law Claims." (Motion filed Jan. 16, 2003 at 1-2.) Plaintiff is correct that the amended complaint does not assert any federal claims. (Amended Complaint ¶¶ 1-41.)

      "In any case removed from a State court, . . . [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §§ 1447(a), (c). Accordingly, plaintiff's motion to remand the case to New York State Supreme Court, County of New York, is granted. Defendant's motion to dismiss the complaint [Dkt. # 5] is dismissed as moot.

Dated: New York, New York
       June 18, 2008

                                         SO ORDERED:

                                         Sidney H. Stein, U.S.D.J.